### LASHBROOK *v.* FERGUSON.

CANCELLATION OF INSTRUMENTS—MORTGAGES—CONSIDERATION—AC-
COUNTING.

> On a bill for the cancellation of a mortgage alleged to have been executed by plaintiff without consideration and merely for the protection of members of his family, and to be held in trust by defendant, but which the latter alleged was given for the purpose of securing an indebtedness previously owing to him, both contentions being supported by evidence, in order that the differences may be settled in this proceeding, the record will be remanded with permission to either party within 60 days by amendment to ask for an accounting, otherwise the decree for plaintiff to be affirmed.

Appeal from St. Clair; Law, J. Submitted April 11, 1918. (Docket No. 66.) Decided July 18, 1918.

Bill by William I. Lashbrook and others against Charles R. Ferguson for the discharge of a mortgage. From a decree for plaintiffs, defendant appeals. Reversed, and remanded for an accounting.

*John B. McIlwain,* for plaintiffs.

*Theo. D. Halpin,* for defendant.

OSTRANDER, C. J.   The plaintiffs William I. Lashbrook and Elsie M. Lashbrook are husband and wife, the other plaintiff their son.   Their bill was filed August 2, 1916.   Substantially, the following story is told in the bill:   William I. Lashbrook owned some land in Wales township, St. Clair county, Michigan. In September, 1901, the land was subject to a mortgage, upon which there was then unpaid some $4,000. He desired to make a division of his real estate between his sons (he had other children), giving to each of his sons Jesse and Harmon 80 acres, and he desired also "to protect himself and the other children against loss in case said division was made."   He consulted the defendant, a banker of Almont, Michigan, with whom he had done business for many years, and in whom he had confidence, and to whom he was not in any manner indebted.   Following the conference, and under an arrangement made at the conference, and agreeably with his own wishes, he executed a mortgage upon the land, which was dated September 2, 1901, joined in by his wife, to the defendant to secure the payment of $3,200 and interest at 6 per cent. per annum, according to a promissory note.   This instrument was acknowledged on the 5th of September, 1901.   He also executed, dated September 3, 1901, a warranty deed to his son Jesse of a portion of the said land, subject to two mortgages, one of them already referred to and the other the one to defendant. He also executed a warranty deed to his son Harmon of a portion of the land, subject to the said two mortgages, both of these deeds being acknowledged September 5, 1901.   All three of these instruments were duly recorded.   Although her name appears to be signed to the mortgage to defendant, Mrs. Lashbrook

never in fact signed it nor authorized anybody to sign it for her and did not know that any such mortgage was in existence for some time. The mortgage to defendant was executed—

"merely for the purpose of protecting the several members of his family and not as an evidence of any indebtedness to Charles R. Ferguson and was so understood and so received by him to be held in trust until such time as your orator, William I. Lashbrook, should desire to have the same discharged when the said Ferguson agrees to discharge the same.

"That although said mortgage and note purports to draw six per cent. interest, no interest has ever been paid or demanded by the said Ferguson of your orators."

For two years before the filing of the bill, William I. Lashbrook had been applying to defendant to have him discharge the mortgage, and, while the defendant had not absolutely refused to do so, he had advised the plaintiff not to discharge the same from record, and plaintiff has been unable to obtain a discharge of the mortgage. It is prayed that a decree may be entered discharging the mortgage of record and canceling the note. The note is not described in the bill.

Defendant answered, and, admitting the execution of the instruments referred to, asserts that, when the mortgage in question was given, William I. Lashbrook owed him $3,200, evidenced by a note dated August 28, 1900, secured by a chattel mortgage, and that the real estate mortgage referred to in the bill was given for the purpose of securing the indebtedness evidenced by said note, was not to be held in trust, but was a *bona fide* mortgage. The defendant also denies that no interest upon the debt has ever been paid or demanded by defendant, but avers the truth to be that he has frequently demanded interest and that on the 16th of March, 1905, $150 was applied on said note and mortgage. He denies that he advised plaintiff

not to discharge the same from record, and he says that on the 26th of August, 1916, he commenced foreclosure proceedings by advertisement, which were pending when the answer was filed, sale of the premises being advertised to take place November 25, 1916. Defendant asks for no affirmative relief, but only that the bill of complaint be dismissed. The answer was filed October 27, 1916, and on December 9, 1916, a supplemental bill was filed by plaintiff which takes up the subject of the foreclosure proceedings and charges that on the 25th of November, 1916, under the power of sale contained in said mortgage the under sheriff, acting for the defendant, sold the premises to the said defendant for $6,039.27, and executed a deed of them to the said defendant. There was an answer to the supplemental bill, which raises no issues not already made manifest, and the cause went to hearing in open court, with the result that a decree was entered in accordance with the prayer of the plaintiff's bill, the trial court being of opinion that the mortgage was without consideration.

The issue which was tried was an issue of fact purely, and there was testimony which supports the conclusion of the learned trial judge. On the other hand, there is testimony tending to prove that when the real estate mortgage in question was given William I. Lashbrook was indebted to defendant as the result of prior business transactions between them, and that, whether or not Lashbrook owed the defendant $3,200, he did owe him something, payment of which was secured or was additionally secured by the real estate mortgage.

Whether or not there was an existing indebtedness when the real estate mortgage was given can be certainly determined only by an accounting, which neither party has asked for. It is to be observed also that upon defendant's own showing his mortgage

should not have been foreclosed by advertisement, but in a court of equity. Upon proper amendment of the pleadings, it may be foreclosed in this suit if any sum is found to be secured by it. The differences between these parties, that is to say, between the plaintiff William I. Lashbrook and the defendant, ought to be settled in this proceeding, and for that purpose the record remanded, with permission to either party, by amendment of the bill or by amendment of the answer, to ask for an accounting, the decree for this purpose being reversed and set aside, without costs to either party.

If, however, neither party has within 60 days after the filing of this opinion signified in writing, filed with the clerk of this court, with proof of service of notice thereof upon the opposite party or parties, a desire to so proceed, the decree of the court below will stand affirmed, with costs to appellees.

BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred. FELLOWS, J., did not sit.